UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-30024 |
| Plaintiff, | |
| vs. | FACTUAL BASIS STATEMENT |
| JAMIE OLIVER, | |
| Defendant. | |

The Defendant states that the following facts are true, and the parties agree that they establish a factual basis for the offense(s) to which the Defendant is pleading guilty pursuant to Fed. R. Crim. P. 11(b)(3).

On or about the 6th day of October, 2019, in Todd County, in the District of South Dakota, the defendant, Jamie E. Oliver, a/k/a Jamie E. Decory, did threaten to murder Officer Lacey Hunger, while Officer Lacey Hunger was a law enforcement officer employed by the Rosebud Sioux Tribe, pursuant to a contract of the Rosebud Sioux Tribe with the United States Department of Interior, Bureau of Indian Affairs, granting authority under 25 U.S.C. § 2804 to perform law enforcement functions, with intent to impede, intimidate, and interfere with Officer Lacey Hunger, and while Officer Lacey Hunger was engaged in the performance of her official duties, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4).

On October 6, 2019, Officer Lacey Hunger responded to a call for service in Mission, South Dakota. Officer Hunger arrived and observed a parked vehicle in

front of a residence. As Officer Hunger approached, the vehicle took off, weaving into the oncoming lane of traffic. The vehicle then pulled off the road, the Defendant exited the vehicle, ran into traffic, and started hollering she was assaulted. Officer Hunger advised the Defendant to return to her vehicle.

Officer Hunger pulled her vehicle over and made contact with the Defendant and her father, Keith Leader Charge. Officer Hunger could smell a strong odor of alcohol emitting from both individuals. Blood was flowing from Keith's mouth. When Officer Hunger asked if Keith needed medical assistance, the Defendant responded he was fine and that she would take him to the hospital. Officer Hunger advised the Defendant she was intoxicated and could not operate a vehicle. The Defendant became loud and irate.

Officer Hunger advised the Defendant to calm down or she would be placed in the back of her patrol car. The Defendant continued to be loud and aggressive. Officer Hunger told the Defendant she was being detained until she could calm down. Officer Hunger placed the Defendant in handcuffs and escorted her to the back of the patrol car.

After investigating the original call for service further, Officer Hunger learned the Defendant was involved in assaulting an individual by beating him with closed fists, deforming another individual's finger, as well as purposefully ramming her vehicle into another vehicle.

Officer Hunger decided to take the Defendant to the Rosebud Sioux Tribe Adult Correctional Facility (ACF) immediately. While being transported to the ACF, the Defendant told Officer Hunger she was going to remember her and take

her life. She continued repeating threats, stating she was going to kill Officer Hunger and her daughter. The Defendant stated Officer Hunger's daughter would pay for this. The Defendant said Officer Hunger's daughter would disappear, that nothing could stop the Defendant, and that Officer Hunger would be crying and the Defendant would be laughing. The Defendant said nothing could stop this, the Defendant guaranteed it. The Defendant said Officer Hunger would have to be alive for it, and then she would be killed.

Officer Hunger is employed by the Rosebud Sioux Tribe Police Department and is paid pursuant to a contract with the Tribe under Public Law 93-638.

RONALD A. PARSONS, JR.
United States Attorney

5/1/2020
Date

Michael J. Elmore
Assistant United States Attorney
P.O. Box 7240
Pierre, SD   57501
Telephone:  (605)224-5402
Facsimile:  (605)224-8305
E-Mail: Michael.Elmore@usdoj.gov

5.28.20
Date

Jamie Oliver
Defendant

6-8-20
Date

Randall B. Turner
Attorney for Defendant